# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| VERNON J. SMITH, III | * | CASE No.: PWG-13-0322 |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

On July, 2, 2014, the Petitioner, Vernon J. Smith, III, pled guilty to one count of conspiracy to defraud the United States and was sentenced by this Court to 42 months in prison. Having served 24 months of his sentence, Smith filed the instant Petition pursuant to 18 U.S.C. §3582(c)(1)(A)(i), which requests that the Court amend his anticipated release date of February 14, 2018, as determined by the Bureau of Prisons (BOP). Pet. 2, ECF No. 98. Smith contends that the percentage of his sentence completed and his age are extraordinary and compelling reasons under the BOP's compassionate release program statement to compel the BOP to petition for his release. *Id.* Thus, according to Smith, the BOP's refusal to move for his early release is inconsistent with its own policy. *Id.* The Government has filed an Opposition to the Petition, Opp'n, ECF No. 101, and Smith has filed a Reply, ECF No. 102. No hearing is necessary. Loc. R. 105.6 (D. Md.); *United States v. Legree*, 205 F.3d 724, 729–30 (4th cir. 2000). As explained herein, this Court lacks jurisdiction to review the Bureau of Prisons decision to deny Smith's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But:

> upon motion of the Director of the Bureau of Prisons, [it] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

*Id.* § 3582(c)(1)(A)(i). An inmate may initiate a request for consideration under § 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been forseen by the court at the time of sentencing. 28 C.F.R. § 571.61(a). Such a request must be submitted to the Warden. *Id.* When an inmate's request is denied by the Warden, the inmate receives written notice, a statement of reasons for the denial, and the inmate may appeal the denial through the Administrative Remedy Procedure. *Id.* §571.63(a). If an inmate's request is denied by the General Counsel or the Director of the BOP, the inmate is provided with a written notice and statement of reasons for the denial and the denial constitutes a final administrative decision. *Id.* § 571.63(b). An inmate may not appeal the denial through the Administrative Remedy Procedure. 28 C.F.R. § 571.63(d). Smith has not identified any effort on his part to seek compassionate relief from the BOP, let alone any final determination by the agency approving early release. Accordingly, the Court lacks jurisdiction to modify his term of imprisonment.

Even if Smith had sought the requested relief from the BOP, he would not have been eligible. BOP Program Statement 5050.49 provides that the BOP will consider a request for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) where an inmate is age 65 or older and has served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced. Federal Bureau of Prisons Program Statement 5050.49 at 4, *available at*

https://www.bop.gov/policy/progstat/5050_049_CN-1.pdf (last visited May 9, 2017) [hereinafter PS 5050.49]. In addition to considering the defendant's age, the BOP considers the nature and circumstance of the offense, criminal history, comments from victims, unresolved detainers, supervised release violations, institutional adjustments, disciplinary infractions, personal history derived from the PSR, length of sentence and amount of time served, the inmate's current age and age at the time of offense and sentencing, release plans, and whether the inmate's release would minimize the severity of the offense. *Id.* at 10. Thus, according to PS 5050.49 extraordinary and compelling circumstances within the meaning of § 3582(c)(1)(A) only exist based on age alone for inmates sentenced more than ten years in prison. Smith was sentenced to 42 months in prison and thus is not eligible for compassionate release based on his age alone because he was not sentenced to a term of more than ten years.[1]

Because Smith has not sought compassionate relief from the BOP and because the Director of the BOP has not filed a motion on Smith's behalf requesting that the Court modify his term of imprisonment, this Court lacks jurisdiction to amend his sentence, and I will deny the petition,

## ORDER

Accordingly, for the reasons stated, it is this 12th day of May, 2017, hereby ORDERED that:

---

[1] Smith argues that the phrase "the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced" should be interpreted as separate alternatives; "greater than 10 years" applying to inmates whose offenses occurred prior to November 1, 1987 (thus subject to RIS under §4205(g)), and "75% of the term of imprisonment" applying to offenses occurring on or after November 1, 1987. Pet'r's Reply 14. Smth's interpretation is inconsistent with the BOP's common sense interpretation of its own guidance in PS 5050.49. *See Clinchfield Coal Co. v. Harris*, 149 F.3d 307, 310 (4th Cir. 1998).

3

1. Petitioner's Motion for Amendment of Conditions of Release, ECF No. 98, IS DENIED.

2. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-13-322 and to MAIL a copy of it to Petitioner.

Dated: 5/12/17

Paul W. Grimm
United States District Judge

mje